IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ELTON WENDELL GARRETT                                               PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 1:12-cv-362-HSO-JMR

MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.            DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

    This cause comes before this Court, *sua sponte*, for dismissal. Plaintiff filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on November 19, 2012. The Court entered two Orders [3, 4] on November 19, 2012. One Order [3] directed Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days. The other Order [4] directed Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts, or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court within 30 days. The envelope [5] containing the Orders [3, 4] entered on November 19, 2012, as well as the Notice of Assignment, docket sheet, and NEF's, was returned by the Postal Service with a notation that it was "undeliverable."

    The Court found that Plaintiff had provided an alternate address on page 2 of the Complaint [1]. An Order [6] was entered on December 4, 2012, directing the Clerk to change Plaintiff's address and to mail a copy of the Orders [3, 4] entered on November 19, 2012, to Plaintiff at his alternate address. That Order [6] also

granted Plaintiff until and including December 19, 2012, to comply with the Orders [3, 4] entered on November 19, 2012. Even though Plaintiff was warned that failure to comply with the Orders [3, 4] or failure to notify this Court of a change of address could result in the dismissal of the instant civil action, Plaintiff failed to comply.

When Plaintiff did not comply with the Orders [3, 4, 6], the Court entered an Order to Show Cause [7] on January 4, 2013, directing Plaintiff to respond on or before January 22, 2013. The Order [7] also directed Plaintiff to comply with the Orders [3, 4] entered on November 19, 2012, and warned Plaintiff that if he did not comply with the Orders [3, 4] or if he did not advise this Court of a new address this action could be dismissed. Apparently, Plaintiff received the Orders [6, 7] because the envelopes containing those Orders were not returned by the Postal Service. Plaintiff, however, has not file any response as ordered by this Court.

The Court entered a Second and Final Order to Show Cause [8] on February 6, 2013, once again directing Plaintiff to explain on or before February 22, 2013, why this case should not be dismissed for his failure to timely comply with the Orders [3, 4] of November 19, 2012, and further directing Plaintiff to comply with those Orders [3, 4]. The envelope [9] containing Orders [3, 4, 6, 8] was returned on February 14, 2013, by the Postal Service with the notation "return to sender - unable to forward." Plaintiff has now failed to comply with five Orders [3, 4, 6, 7, 8], and he has not contacted this Court since he filed the Complaint [1] on November 19, 2012.

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte. See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action under Rule 41(b) for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court is proper. Since Defendants have not been called upon to respond to Plaintiff's pleading, and have not appeared in this action, and since the Court has not considered the merits of Plaintiff's claims, the Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the <u>20th</u> day of March, 2013.

*s/Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE